██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS SHARMA, Appellant. [976 NYS2d 468]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered December 22, 2011, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of five years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence warranted the conclusion that when defendant displayed a knife to a store employee who was attempting to stop him from stealing merchandise, defendant threatened the immediate use of a dangerous instrument for the purpose of preventing or overcoming resistance to his retention of the property (see e.g. People v Boisseau, 33 AD3d 568 [2006], lv denied 8 NY3d 844 [2007]; People v Young, 16 AD3d 196 [1st Dept 2005], lv denied 4 NY3d 858 [2005]; People v Thompson, 273 AD2d 153 [1st Dept 2000], lv denied 95 NY2d 908 [2000]). Even if, in the abstract, the display of an instrument does not necessarily constitute a threat to use it, here, given the circumstances, there was no reasonable explanation of defendant's conduct other than an implied threat to use the knife against the employee. Accordingly, the display, coupled with the surrounding circumstances, satisfied the "threatened use" element of Penal Law § 160.15 (3), and defendant's statutory interpretation argument is unavailing.

The court appropriately exercised its discretion under People v Molineux (168 NY 264 [1901]) in admitting testimony with respect to the employee's prior encounters with defendant in the store. This evidence was relevant as background information to explain the reaction of the store employee upon seeing defendant carrying the merchandise, and any prejudicial effect of its admission was mitigated by the court's extensive limiting instructions. We find that, under the circumstances here, the court did not abuse its discretion by failing to employ other less prejudicial means of filling the narrative gap (see People v Morris, 21 NY3d 588 [2013]). Defendant did not preserve his challenge to a detective's testimony about the circumstances under which defendant became a suspect in this case, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Feinman, JJ.